FILED BY _____ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE 05 MAY 20   AM 9: 52
WESTERN DIVISION

ROBERT R. GI IRCUO
CLERK U.S. DIST. CT.
W.D. OF TN. MEMPHIS

CHRISTOPHER LEE SCALLIONS,       )
                                 )
      Plaintiff,                 )
                                 )
v.                               )
                                 )        No. 04-2556 MaV
LAUDERDALE COUNTY, et al.,       )
                                 )
      Defendants.                )
                                 )

---

**ORDER GRANTING DEFENDANT DYER COUNTY'S MOTION TO DISMISS
PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES UNDER § 1983 AGAINST DYER
COUNTY AND DYER COUNTY SHERIFF'S DEPUTIES JOHN JUSTISS AND JOHN
CANNON IN THEIR OFFICIAL CAPACITIES**

---

Plaintiff Christopher Lee Scallions ("Scallions)" brings this action under 42 U.S.C. § 1983, alleging that Lauderdale County and Dyer County sheriff's deputies violated his constitutional rights. (Am. Compl. at ¶¶ 42-64.) Scallions also brings state law claims. Scallions asks for compensatory and punitive damages. On February 22, 2005, Scallions filed an amended complaint naming as defendants Dyer County and Dyer County sheriff's deputies John Justiss and John Cannon individually and in their official capacities.

On March 17, 2005, Dyer County filed an answer. In its answer, Dyer County included a motion to dismiss Scallions' claim for punitive damages stating that "[i]t is well settled law that punitive damages cannot be recovered in a Section 1983 claim against a municipality or the officers of the municipality while

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 5-20-05

41

acting in their official capacity." (Dyer County Ans. at ¶ A.) Scallions' filed a response on March 25, 2005, stating that "the law does not allow recovery of punitive damages for a § 1983 claim against a county, or one of its officers acting in his official capacity. However, plaintiff is only seeking punitive damages against John Justiss and John Cannon in their individual capacities, which is proper under § 1983." (Pl.'s Resp. at 1.)

The parties, who appear to be in agreement, have correctly stated the law: "a municipality is immune from punitive damages under 42 U.S.C. § 1983." <u>City of Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247, 271 (1981). Accordingly, the court GRANTS Dyer County's motion to dismiss Plaintiff's claim for punitive damages under § 1983 against defendants Dyer County and sheriff's deputies Justiss and Cannon in their official capacities.[1]

So ordered this 19th day of May 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Scallions' claims for punitive damages under § 1983 against Justiss and Cannon in their individual capacities and Scallions' claims for punitive damages under state law are not dismissed.

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 41 in case 2:04-CV-02556 was distributed by fax, mail, or direct printing on May 20, 2005 to the parties listed.

---

Adam F. Glankler
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

C. Barry Ward
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Brandon O. Gibson
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

J. Thomas Caldwell
CALDWELL & FITZHUGH
114 Jefferson Street
Ripley, TN 38063

Kemper B. Durand
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

David Michael Dunavant
CARNEY WILDER & DUNAVANT
Bank of Ripley Building
Ripley, TN 38063

Michael W. Whitaker
WHITAKER LAW FIRM
P.O. Box 1024
Covington, TN 38019

James I. Pentecost
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Robert L. Hutton
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT