IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 MAY 20 AM 9:52

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

| | | |
|---|---|---|
| CHRISTOPHER LEE SCALLIONS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-2556 MaV |
| LAUDERDALE COUNTY, et al., | ) | |
| Defendants. | ) | |

**ORDER DENYING PLAINTIFF CHRISTOPHER LEE SCALLIONS' MOTION TO STRIKE AND GRANTING DEFENDANT DYER COUNTY'S MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS BROUGHT UNDER THE TENNESSEE GOVERNMENTAL TORT LIABILITY ACT**

Plaintiff Christopher Lee Scallions ("Scallions)" brings this action under 42 U.S.C. § 1983, alleging that Lauderdale County and Dyer County sheriff's deputies violated his constitutional rights. (Am. Compl. at ¶¶ 42-64.) Scallions also brings state law claims of battery, "statutory liability" under T.C.A. § 8-8-302, malicious harassment, negligence against Lauderdale County and Dyer County under the Tennessee Governmental Tort Liability Act ("TGTLA"), T.C.A. § 29-20-205, false arrest and false imprisonment, and punitive damages. (Id. at ¶¶ 65-91.) In his original complaint, filed on July 21, 2004, Scallions named as defendants Lauderdale County; Lauderdale County Sheriff Louis Craig in his official capacity; and Lauderdale County sheriff's deputies Kenneth N. Nelson and Kenneth Randall Richardson individually and in their

official capacities. On February 22, 2005, Scallions filed an amended complaint naming as defendants Dyer County; and Dyer County sheriff's deputies John Justiss and John Cannon individually and in their official capacities.

On August 20, 2004, Lauderdale County filed an answer to Scallions' complaint and on March 17, 2005, Dyer County filed an answer to Scallions' amended complaint. Both counties raised the affirmative defense that this court lacks supplemental jurisdiction over Scallions' TGTLA claims. (Lauderdale County Ans. at 16; Dyer County Answer at ¶ D.7.) On March 24, 2005, Scallions filed a "Motion to Strike Defense of Lack of Supplemental Jurisdiction Over State Law Governmental Tort Liability Act Claim." Defendant Dyer County responded on April 7, 2005, and contemporaneously asked the court to dismiss Scallions' TGTLA claims. Defendant Lauderdale County has not responded.[1]

"[I]n any civil action of which the [federal] district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court

---

[1] In his motion to strike, Scallions requests that the court expedite its ruling so that Scallions may timely re-file his TGTLA claims in state court should the court rule against him. Because the court's decision is in Lauderdale County's favor, the court did not wait for the county to file a response before ruling on Scallions' motion.

"may decline to exercise supplemental jurisdiction over a claim ... if ... in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4).

The Tennessee Governmental Tort Liability Act ("TGTLA"), T.C.A. § 29-20-101 et seq., provides that "[t]he circuit courts shall have exclusive original jurisdiction over any action brought under this chapter. . . ." T.C.A. § 29-20-307. The Sixth Circuit has held that federal district courts may decline to exercise supplemental jurisdiction over TGTLA claims because "the Tennessee legislature expressed a clear preference that TGTLA claims be handled by its own state courts. This unequivocal preference of the Tennessee legislature is an exceptional circumstance for declining jurisdiction [under 28 U.S.C. § 1367(c)(4)]." Gregory v. Shelby County, Tenn., 220 F.3d 433, 446 (6th Cir. 2000). Thus, the court concludes that the exclusivity provision of the TGTLA provides a compelling reason to decline supplemental jurisdiction over the TGTLA claims in this case.

3

For the foregoing reasons, Plaintiff's motion to strike is DENIED. Defendant Dyer County's county motion to dismiss Plaintiff's negligence claims brought under the Tennessee Governmental Tort Liability Act is GRANTED.

So ordered this 19th day of May 2005.

/s/ S.H.M.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 42 in case 2:04-CV-02556 was distributed by fax, mail, or direct printing on May 20, 2005 to the parties listed.

---

Michael W. Whitaker
WHITAKER LAW FIRM
P.O. Box 1024
Covington, TN 38019

James I. Pentecost
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Robert L. Hutton
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

J. Thomas Caldwell
CALDWELL & FITZHUGH
114 Jefferson Street
Ripley, TN 38063

Adam F. Glankler
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Kemper B. Durand
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

Brandon O. Gibson
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

David Michael Dunavant
CARNEY WILDER & DUNAVANT
Bank of Ripley Building
Ripley, TN 38063

C. Barry Ward
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT